IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUGH D. DRYDEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -v- | ) |
| | ) CIVIL ACTION NO. |
| | ) 1:15-cv-02114-AT-RGV |
| SPECIALIZED LOAN SERVICING LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S INITIAL DISCLOSURES**

**COMES NOW** defendant Specialized Loan Servicing LLC ("SLS" or "Defendant"), without waiving any claim of privilege, work product or other basis for non-disclosure, and based on information presently available, hereby makes the following initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant reserves the right to supplement its disclosure as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**(1)** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended

25163532 v1

**summons and complaint reflecting the information furnished in this disclosure response.**

Defendant is properly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant knows of no such parties at this time.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Defendant denies that it violated the FDCPA or any other law or obligation, in connection with Plaintiff's mortgage account. Defendant states that throughout its servicing of Plaintiff's account it has reported accurate information regarding Plaintiff's account to all consumer reporting agencies. Accordingly, Defendant denies that it violated the FDCPA, or any other law or obligation, in connection with Plaintiff and/or the subject account, denies the allegations in Plaintiff's Complaint, denies that it is liable to Plaintiff in any amount and denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Complaint. In making

this statement, Defendant does not waive, and expressly incorporates as if fully set forth herein, the defenses set forth in its Answer and reserves the right to supplement this statement as this case and the facts develop.

Defendant reserves the right to rely on additional defenses not disclosed herein as discovery has just begun in this matter and its investigation of the allegations in the current dispute is ongoing.

**(4)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendant contends that the FDCPA, along with case law interpreting same are relevant to this case.  Defendant provides the following as an initial list of legal authorities that may be applicable to this action:

15 U.S.C. § 1692, *et seq*.

15 U.S.C. § 1692k(c)

15 U.S.C. § 1692k(d)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

*Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937 (2009)

Defendant reserves the right to add additional statutes, codes, regulations, legal principles, standards, customs or usages, and illustrative case law as discovery continues in this case.

**(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

**(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendant has not identified an expert at this point.  Defendant will supplement this disclosure in accordance with the Federal Rules of Civil Procedure, the Local Rules, and other applicable law, if necessary.

**(7)  Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and**

**tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Defendant has not made any claim of damages but reserves the right to do so at a later date should the facts established via discovery and the course of litigation indicate and support such damages.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the**

5

**full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendant is not aware of any such person or entity at this point, but reserves the right identify one at a later date should facts revealed in discovery indicate that another party may be liable.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Defendant does not have any documents that are responsive at this time.

Dated this the 9th day of September, 2015.

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
Ryan J. Hebson
Georgia Bar No. 724040
rhebson@burr.com
BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100

Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorneys for Defendant
SPECIALIZED LOAN SERVICING LLC

25163532 v1

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **DEFENDANT'S INITIAL DISCLOSURES** has been prepared with Times New Roman, 14 point font, one of the font point selections approved by the Court in LR 5.1B.

>*s/ Alan D. Leeth*
>Alan D. Leeth
>Georgia Bar No. 472031
>aleeth@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2015, I presented **DEFENDANT'S INITIAL DISCLOSURES** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| David Marco | Scott Fortas |
| SMITHMARCO, P.C. | Fortas Law Group, LLC |
| 20 South Clark Street, Suite 2120 | 1936 N. Druid Hills Rd., Suite 100B |
| Chicago, IL 60603 | Atlanta GA 30319 |

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

       NONE

       *s/ Alan D. Leeth*
       Alan D. Leeth
       Georgia Bar No. 472031
       aleeth@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

25163532 v1

# ATTACHMENT A

Defendant's initial disclosure of the identities of potential witnesses is based solely upon such information that Defendant has been able to discover thus far in the amount of time available, as well as Defendant's present analysis of the case, and shall not, in any way, be deemed to be a representation that additional witnesses do not exist.  Accordingly, this disclosure is subject to Defendant's ability to discover additional individuals with knowledge of facts concerning the material allegations of Plaintiff's Complaint, or any of the defenses asserted by Defendant.

1. Hugh D. Dryden, Jr.
   c/o David Marco
   SMITHMARCO, P.C.
   20 South Clark Street, Suite 2120
   Chicago, IL 60603

   c/o Scott Fortas
   Fortas Law Group, LLC
   1936 N. Druid Hills Rd., Suite 100B
   Atlanta GA 30319

Plaintiff Hugh D. Dryden, Jr. is believed to have knowledge of the claims made as the basis of his complaint.

2. Representative(s) from Specialized Loan Servicing LLC
   c/o Alan D. Leeth, Esq.
   BURR & FORMAN LLP
   171 Seventeenth Street, NW, Suite 1100
   Atlanta, Georgia 30363
   (404) 815-3000

One or more representatives of Defendant may have knowledge of the subject account, communications with Plaintiff, payment history of the subject account, credit reporting of the subject account, as well as the allegations raised in Plaintiff's Complaint and the defenses asserted by Defendant.

3. Representative(s) from JPMorgan Chase Bank.

One or more representatives of JPMorgan Chase Bank are believed to possess information relating to Plaintiff's account.

4. Representative(s) of the consumer reporting agencies.

One or more representative of the consumer reporting agencies may have knowledge of communications with Defendant or other entities regarding the subject account, as well as the allegations raised in Plaintiff's Complaint and the defenses asserted by the Defendant.

5. One or more banks or financial institutions which were used for payment on the subject account.

These banks or financial institutions are believed to possess information relating to Plaintiff's payment on the subject account.

6. In addition to any of the foregoing individuals, Defendant may have one or more experts testify on various aspects of the alleged violations.

7. Any individual identified by any other party.

Identification of any person does not constitute a representation that such person has information that is non-privileged, nor does it constitute a waiver of any privilege or objection that may be made to such witness's testimony.  Defendant reserves the right to rely on additional witnesses not disclosed herein that may be identified at a later date, as discovery has just begun in this matter and Defendant has yet to complete its investigation of Plaintiff's allegations.

## ATTACHMENT C

Defendant's document production is based solely upon such information and documents that Defendant has been able to discover thus far in the amount of time available, as well as Defendant's present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do not exist. Defendant's investigation of the facts and circumstances surrounding the case is ongoing, and Defendant reserves the right to supplement this disclosure as appropriate.

Notwithstanding the foregoing, and pursuant to the provisions of Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendant provides a description by category and location of the following documents:

1. The loan file relating to Plaintiff's account;
2. The internal account notes and payment history relating to Plaintiff's account;
3. Correspondence between Defendant and Plaintiff regarding the subject account;
4. The account statements relating to Plaintiff's account;
5. Communications with the consumer reporting agencies; and
6. The Bankruptcy Court file for Plaintiff's Chapter 13 Bankruptcy, Case No. 10-80578-MHM.

The aforementioned documents are in the possession of Defendant's counsel in Birmingham, Alabama and/or Defendant in Highlands Ranch, Colorado.

Defendant may identify additional categories of documents, data compilations, and other tangible things through discovery and continued investigation. Defendant specifically reserves the right to offer exhibits at trial that do not fall within the above listed category.