IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | | |
|---|---|---|
| HUGH D. DRYDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 1:15-cv-02114-AT-RGV |
| | ) | |
| v. | ) | Judge Totenberg |
| | ) | Magistrate Judge Vineyard |
| SPECIALIZED LOAN SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

NOW COMES the Plaintiff, HUGH D. DRYDEN, JR., by and through his attorneys, Fortas Law Group, LLC., and for his initial disclosures pursuant to F. R. Civ. P. 26(a)(1)(A), Plaintiff states as follows:

These disclosures are predicated upon information reasonably available to Plaintiff at the time that these disclosures are being served. In making these disclosures, Plaintiff makes no representation that he is identifying and/or producing every document, individual or other evidence that Plaintiff may potentially use to support the allegations contained in his complaint. Rather, Plaintiff has a made a good faith effort to ensure the accuracy and completeness of the information contained herein.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is an action for damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq* (hereinafter "FDCPA"). Plaintiff contends that Defendant has repeatedly misreported credit information to one or more of the three major credit reporting agencies regarding Plaintiff's payment history with Defendant. Specifically, Plaintiff has alleged that despite making regular and timely payments against the account at issue, Defendant has reported the account as having been up to 90 days late.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

15 U.S.C. §1692 *et seq.*

15 U.S.C. §1692e

15 U.S.C. §1692e(2)(A)

15 U.S.C. §1692e(8)

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Please refer to Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Please refer to Attachment B.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Please refer to Attachment C.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not

**privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P.34.**

Please refer to Attachment D.

**(7) Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

Please refer to Attachment E.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

None known.

By:   <u>s/ Scott Fortas</u>
           Attorney for Plaintiff

<u>Dated: September 9, 2015</u>

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Road
Atlanta GA 30319
Telephone:   (404) 315-9936
Facsimile:   (404) 636-5418
E-Mail:       sfortas@fortaslaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORIGA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **HUGH D. DRYDEN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:15-cv-02114-AT-RGV |
| | ) | |
| v. | ) | **Judge Totenberg** |
| | ) | **Magistrate Judge Vineyard** |
| **SPECIALIZED LOAN** | ) | |
| **SERVICING LLC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

**To:** Alan D Leeth
Burr Forman, LLP
171 Seventeeth St., NW, Ste. 1100
Atlanta, GA 30363

    I, Scott Fortas, an attorney, certify that on **September 9, 2015**, I shall caused to be served a copy of **Plaintiff's Disclosures Pursuant to F. R. Civ. P. 26(a)(1)**, upon the above named individual(s) by: depositing same in the U.S. Mail box, prior to 5:00 p.m., postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; and/or via email, as indicated below.

    ____ U.S. Mail                                     ____ Facsimile
    _X_ ECF                                            ____ Email

                                                                By: _s/ Scott Fortas_
                                                                      Attorney for Plaintiff

Dated: September 9, 2015

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Road
Atlanta GA 30319
Telephone:  (404) 315-9936
Facsimile:   (404) 636-5418
E-Mail:        sfortas@fortaslaw.com

## ATTACHMENT A

| Name & Address | Subject(s) of Knowledge |
|---|---|
| Plaintiff<br>c/o Plaintiff's counsel | Plaintiff has information and knowledge regarding the facts supporting his claims in this action and his claimed damages. |
| Karen Dyden<br>c/o Plaintiff's counsel | Karen Dyden has knowledge of the facts underlying the allegations in Plaintiff's complaint, of the damages claimed by Plaintiff, and of communications between Plaintiff and Defendant. |
| Specialized Loan Servicing, LLC. | As yet unknown and unidentified representative(s) have knowledge of the facts underlying the allegations in Plaintiff's Complaint, including knowledge of Plaintiff's alleged account information sent for collections by J. P. Morgan Chase Bank, N.A., and any communications Specialized Loan Servicing, LLC., had with Plaintiff, J. P. Morgan Chase Bank, N.A., or third-parties regarding the account at issue. |
| J. P. Morgan Chase Bank, N.A. | As yet unknown and unidentified representative(s) have knowledge of the facts underlying the allegations in Plaintiff's Complaint, including knowledge of Plaintiff's alleged account information sent for collections by J. P. Morgan Chase Bank, N.A., and any communications Specialized Loan Servicing, LLC., had with Plaintiff, J. P. Morgan Chase Bank, N.A., or third-parties regarding the accounts at issue. |
| Equifax, Experian, Trans Union & CredCo | As yet unknown and unidentified representative(s) have knowledge of the facts of Plaintiff's disputed account with SLS, Plaintiff's consumer credit profile, consumer reports generated and published to third-parties, nature of investigation(s) into Plaintiff's disputes, communications with Plaintiff and third-parties regarding the underlying facts in Plaintiff's complaint. |

| Name & Address | Subject(s) of Knowledge |
| --- | --- |
| Colorado Department of Regulatory Affairs | As yet unknown and unidentified representative(s) have knowledge of the facts of Plaintiff's disputed account with SLS and Plaintiff's complaint to said agency. |
| Bank of America | As yet unknown and unidentified representative(s) have knowledge of Plaintiff's account and payments made through that account against the account held by SLS. |
| Quicken Loans | As yet unknown and unidentified representative(s) have knowledge of Plaintiff's application for financing and the result of that application and the basis for the decision. |

In addition to the individuals identified above, Plaintiff further identifies the following individuals:

1. Any and all individuals identified by Defendant(s) and/or any other party.

2. Any and all individuals disclosed during the course of discovery.

3. Any individual identified or referenced in any documents produced or provided by Defendant(s) and/or any other party.

4. Any and all individuals deposed or referenced in any deposition undertaken in this matter.

5. Any and all individuals examined under oath or referenced in any examination under oath undertaken in this matter.

6. Any individuals necessary for the purpose of rebuttal or impeachment.

7. Any and all individuals, the identity of whom is yet to be determined.

8. Any and all individuals whose knowledge of relevant matters is yet to be determined.

9. Any and all rebuttal witnesses, yet to be identified.

10. Any and all individuals necessary to produce, identify and/or authenticate any document and/or other tangible thing.

## **ATTACHMENT B**

Presently, Plaintiff has not retained a witness to testify at trial pursuant to Federal Rules of Evidence 702, 703, or 705.

Plaintiff specifically reserves his right to identify and supplement his response to this disclosure in accordance with the deadlines set by this court and applicable rules.

# **ATTACHMENT C**

1. Credit Reports

2. Bankruptcy Documents

3. Statements and correspondence from SLS

4. Bank statements showing payments against the account

5. Loan adverse action notification from Quicken Loans

   Investigation continues.

# **ATTACHMENT D**

Plaintiff claims all damages recoverable under the Fair Debt Collection Practices Act, including actual damages, and statutory damages in the amount of $1,000.00   In addition to Plaintiff's claim for actual and statutory damages, Plaintiff claims his attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

Plaintiff's claim for actual damages is predicated on adverse action taken by potential lenders and Plaintiff's inability to secure financing and the effects resulting therefrom.  Further, Plaintiff claims damages for emotional distress resulting from ongoing issues with inaccurate information being reported and verified notwithstanding Plaintiff's multiple efforts to remedy and his inability to secure financing because of the inaccuracies.  These damages are not damages that are easily calculated but rather damages to be determined by the trier of fact.